## JOSEPH TORRICE *v.* COMMISSIONER OF CORRECTION

| Superior Court | Judicial District of Tolland | File No. 91-1653 |

Memorandum filed June 9, 1997*

*Adele V. Patterson,* deputy assistant public defender, for the petitioner.

*Ann E. Lynch,* assistant attorney general, for the respondent.

BISHOP, J. In this habeas petition, the petitioner, Joseph Torrice, claims that the respondent, the commissioner of correction (commissioner), has incorrectly calculated his anticipated discharge date, thereby illegally lengthening his sentence. On the basis of the evidence adduced at the habeas hearing, the court makes the following findings and order.

The petitioner has a lengthy criminal record dating to 1976. Relevant to the issues contained in this habeas

---

* Affirmed. *Torrice* v. *Commissioner of Correction,* 55 Conn. App. 1, 739 A.2d 270 (1999).

petition are the following portions of his criminal history: On December 6, 1983, in CR4-101487, the petitioner received a sentence of eighteen months suspended, with two years probation. Subsequently, on May 1, 1984, the petitioner was charged with a violation of probation, and his probation was extended for a period of one year. Prior to his sentencing on this matter to an extension of his probation, the petitioner had been held in custody unable to post bond from April 6, 1984 to May 1, 1984.

On May 13, 1986, proceedings were filed against the petitioner for a violation of probation in CR4-101487, and in CR4-117309. At the time these proceedings were filed, the petitioner was not in custody. He was not detained as a result of these filings. On May 21, 1986, in CR4-128483, the petitioner was charged in a multicount information with the crimes of assault in the second degree, assault in the third degree, and several counts of risk of injury to a child. He was arrested and, unable to post bond, he was held pending disposition.

On July 21, 1986, in CR4-130602, the petitioner was charged with the crime of threatening and remanded to custody, unable to post bond. On October 28, 1986, the petitioner became a sentenced inmate. In the violation of probation matters, in CR4-101487, he received a sentence of one year to serve, and in CR4-117309, he received a three month sentence. Also, on October 28, 1986, in CR4-130602, the threatening charge, the petitioner received a one year sentence.

All sentences imposed on October 28, 1986, were ordered to be served concurrently. By operation of law, both of the one year sentences, and the three month sentence merged, and became a total effective sentence of one year. Cf. General Statutes § 53a-38.

With respect to each of the sentences imposed on October 28, 1986, the commissioner calculates that, as of the date of sentencing, the petitioner was entitled

to presentence jail credit calculated as follows: twenty-six days on CR4-101487 (April 6, 1984, to May 1, 1984, plus jail credit good time); ninety-nine days on CR4-128483 (from July 21, 1986, until October 28, 1986, plus jail credit good time). This separate application of credit to each sentence is correct. General Statutes § 53a-38 (b) provides in pertinent part: "A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. . . ." The time a person spends in presentence confinement because of an inability to make bond is credited toward the person's sentence if the person was held in custody on that particular file. Cf. General Statutes § 18-98d.

As a result of the application of presentence credits to each concurrent sentence, the one year sentence imposed in CR4-101487 became the longest and therefore the controlling sentence with respect to the petitioner's discharge date. Section 53a-38 (b) (1) further provides that, where a person is under more than one definite sentence, and the sentences run concurrently, "the terms merge in and are satisfied by discharge of the term which has the longest term to run . . . ."

While the commissioner initially calculated that the petitioner was discharged from his sentence in CR4-101487 on January 12, 1987, a recalculation by the commissioner, done in preparation for this hearing, demonstrates that the petitioner completed this sentence on March 20, 1987.

The petitioner asserts that the commissioner may not now recalculate his discharge date on CR4-101487 from January 12, 1987 to March 20, 1987, thereby denying him presentence confinement credit and good conduct credit afforded him in CR4-128483 for this time period. The petitioner also asserts that he is entitled to presentence confinement credit in CR4-128483 for the time period July 21, 1986 to October 28, 1986.

The court is unpersuaded by the petitioner's claim that since the commissioner initially calculated the sentence in CR4-101487 to be discharged on January 12, 1987, he may not now either legally or equitably recalculate his discharge date to a later point in time. The question before the court is the proper calculation of the petitioner's various sentences and his appropriate discharge date. In this regard, the court is bound by the actual sentences imposed, the mittimuses, and the application of the relevant law. The fact that the commissioner initially miscalculated the discharge date on CR4-101487 is of no avail to the petitioner. He suffered no detriment as a result of this error. While he may suffer present disappointment, he is not and has not been legally prejudiced by a correction to conform his records to legal and factual reality.

During the time period between October 28, 1986 and March 20, 1987, while the petitioner was serving the aggregate one year sentence controlled by the sentence he received in CR4-101487, he was also held in lieu of bond in CR4-128483. Contrary to the petitioner's assertion, he is not entitled to any presentence credit toward his subsequent sentence in CR4-128483 for this time period because his incarceration was not due solely to his inability to make bond on this file. He was a sentenced prisoner. General Statutes § 18-98d provides in pertinent part: "(a) Any person who is confined . . . under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (2) the provisions of this section shall

only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement . . . ."

When the petitioner discharged his sentence in CR4-101487 on March 20, 1987, he nevertheless remained in custody as a result of pending charges in CR4-128483. Therefore, for the time period between March 21, 1987, and his subsequent sentencing on CR4-128483, the petitioner would be entitled to presentence confinement credit. On this docket, the petitioner was sentenced to a period of confinement of fifteen years on May 15, 1987. Therefore, as of May 15, 1987, the petitioner was entitled to receive credit for presentence confinement for the time period between March 21, 1987 and May 15, 1987, on CR4-128483. Records and testimony adduced at the habeas hearing demonstrate that this time has been properly calculated and awarded to the petitioner.

In addition to his claim that the commissioner may not now recalculate his discharge date on CR4-101487 so as to lengthen his sentence on CR4-128483, the petitioner argues that he should have been credited with presentence confinement time on CR4-101487 for the time period from May 20, 1986 until October 28, 1986. The simple answer to this claim is that the petitioner is not entitled to this claimed credit because he was not held in custody on this docket during this time period. The petitioner has provided the court with no mittimuses or other credible evidence that he was remanded to custody on either CR4-101487 or CR4-117309 from the time probation violation proceedings were filed in these files until he was sentenced on October 28, 1986.

The petitioner also claims that he is entitled to credit toward the sentence he received on May 15, 1987, in CR4-128483 for the presentence time he alleges he spent

on this docket from July 21, 1986 to October 28, 1986. The court disagrees. With regard to the fifteen year sentence he received in CR4-128483, the petitioner has been credited with presentence time from May 21, 1986 until July 21, 1986. The presentence time that the petitioner spent from July 21, 1986, until October 23, 1986, however, was credited by the commissioner toward the sentence the petitioner received on October 28, 1986, in CR4-130602. Therefore, as of October 28, 1986, this presentence credit had been fully utilized and was not available for application to the sentence received in CR4-128483. Pretrial confinement credit applied to one sentence in one docket is not thereafter available for application to another sentence in another docket. *Payton* v. *Albert*, 209 Conn. 23, 28, 547 A.2d 1 (1988).

The commissioner's present calculation of the petitioner's anticipated discharge date, as testified to by records specialist Michelle DeVeau at the habeas hearing, is legally and factually correct. Accordingly, the petition is dismissed.