JEROMIE THORPE *v.* COMMISSIONER OF
CORRECTION
(AC 22220)

Lavery, C. J., and Mihalakos and Bishop, Js.

Argued September 20—officially released December 3, 2002

*Jeremy N. Weingast,* for the appellant (petitioner).

*Mitchell S. Brody,* senior assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *John F. Fahey,* assistant state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, Jeromie Thorpe,[1] appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that his petition was barred by the principle of res judicata. We affirm the judgment of the habeas court.

---

[1] The petitioner also is known as Michael Hilton. The opinion in his appeal from his conviction of the underlying crimes was captioned, *State* v. *Hilton,* 45 Conn. App. 207, 209–12, 694 A.2d 830, cert. denied, 243 Conn. 925, 701 A.2d 659 (1997), cert. denied, 522 U.S. 1134, 118 S. Ct. 1091, 140 L. Ed. 2d 147 (1998).

The petitioner was convicted, after a jury trial, of murder in violation of General Statutes § 53a-54a,[2] possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b)[3] and possession of narcotics in violation of General Statutes § 21a-279.[4] That conviction arose from the shooting of the victim, Thomas Byrd, and the petitioner's possession of drugs. The facts underlying the petitioner's arrest and conviction are set forth in detail in *State* v. *Hilton*, 45 Conn. App. 207, 209–12, 694 A.2d 830, cert. denied, 243 Conn. 925, 701 A.2d 659 (1997), cert. denied, 522 U.S. 1134, 118 S. Ct. 1091, 140 L. Ed. 2d 147 (1998). During his trial, the petitioner filed a motion for severance of the three offenses, which was denied by the court. The petitioner also objected to the introduction into evidence of an assault rifle that was seized during the police investigation. The objection was overruled.

On direct appeal to this court, the petitioner claimed, inter alia, that (1) the denial of his motion to sever caused him substantial prejudice and denied him his constitutional right to a fair trial, and (2) the court improperly admitted the assault rifle into evidence

---

[2] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . ."

[3] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years . . . ."

[4] General Statutes § 21a-279 (a) provides in relevant part: "Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than fifty thousand dollars, or be both fined and imprisoned . . . ."

because it was not relevant and its prejudicial impact outweighed its probative value. This court affirmed the judgment of the trial court. Id., 224.

The petitioner then filed a petition for a writ of habeas corpus in the United States District Court for the District of Connecticut in November, 1999. In his petition, the petitioner claimed that both the denial of his motion to sever and the admission of the assault rifle into evidence resulted in a violation of his due process rights to a fair trial as guaranteed by the fourteenth amendment to the United States constitution.[5] On March 20, 2000, the court, Chatigny, J., dismissed the petition without prejudice because of the petitioner's failure to exhaust his state remedies.

A petition for a writ of habeas corpus, dated August 7, 2000, subsequently was filed in Superior Court. The petitioner raised the same federal due process claims in that petition as were raised in his federal habeas corpus petition. The respondent commissioner of correction filed a motion to dismiss the habeas petition on May 10, 2001, arguing that the petitioner's claims were barred by the doctrine of res judicata. The respondent pleaded in the alternative that the petitioner had failed to establish good cause for his failure to raise his claims on direct appeal. The court, *Hon. Richard M. Rittenband,* judge trial referee, granted the respondent's motion to dismiss on July 13, 2001, concluding that the petitioner's claims were barred by res judicata. The court granted certification to appeal, and this appeal followed.

Before analyzing the petitioner's claims, we set forth our standard of review for a dismissal of a petition for a writ of habeas corpus. "The conclusions reached by the trial court in its decision to dismiss [a] habeas peti-

---

[5] The fourteenth amendment to the United States constitution provides in relevant part that "[n]o State shall . . . deprive any person of life, liberty or property, without due process of law . . . ."

tion are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 65 Conn. App. 172, 175, 782 A.2d 201 (2001).

The habeas court determined that res judicata warranted the dismissal of the habeas petition. "[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action [between the same parties] on the same claim." (Internal quotation marks omitted.) *Brown* v. *Commissioner of Correction*, 44 Conn. App. 746, 749, 692 A.2d 1285 (1997). To determine whether two claims are the same for purposes of res judicata, we compare the pleadings and judgment in the first action with the complaint in the subsequent action. See id. "The judicial [doctrine] of res judicata . . . [is] based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . [W]here a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding." (Internal quotation marks omitted.) Id.

Here, the petitioner's first federal due process claim, arising from the denial of his motion to sever, is barred by res judicata. On direct appeal to this court, the petitioner's first claim was "[w]hether the trial court erred by refusing to grant [his] motion to sever, which severely prejudiced [him] and caused substantial injustice." In his appellate brief on direct appeal, the petitioner provided ten pages of argument and analysis supporting that claim. Specifically, the petitioner refers to "his constitutional right to a fair trial" being violated by the failure to sever the offenses. On appeal, this court phrased the issue as one of a "constitutional right

to a fair trial"; *State* v. *Hilton,* supra, 45 Conn. App.
212; and determined that the trial court did not abuse
its discretion in denying the motion for severance. Id.,
216. It is clear from the record that the petitioner liti-
gated his first federal due process claim fully and fairly
on direct appeal, and that this court issued a decision
on the merits of that claim. The habeas court, therefore,
correctly determined that the petitioner was barred by
res judicata from relitigating that first federal due pro-
cess claim in his habeas petition.

The petitioner's second federal due process claim
concerning the admission of the assault rifle into evi-
dence is not barred by res judicata.[6] Our review of the
petitioner's appellate briefs in his direct appeal demon-
strates that he claimed that the trial court improperly
had admitted the assault rifle into evidence on eviden-
tiary grounds only. The arguments in support of the
petitioner's claim were based solely on evidentiary law,
and no claim was made regarding the petitioner's consti-
tutional rights. As a result, this court analyzed and ruled
on the claim on direct appeal on the basis of evidentiary
law without discussing the petitioner's due process
rights to a fair trial. We conclude that the petitioner
did not raise or litigate the second federal due process
claim on direct appeal and that res judicata therefore
is not applicable.[7]

---

[6] It should be noted that there is contradiction among some of the petition-
er's briefs and pleadings, and in the assertions of counsel, regarding whether
the second federal due process claim was raised on direct appeal. At the
hearing on the respondent's motion to dismiss, the petitioner's counsel
stated that he believed that both federal due process claims had been raised
and decided on direct appeal. That was relied on by the habeas court to
determine that res judicata barred both claims. The petitioner also argued
exhaustion of state remedies in his federal habeas petition. By appealing
from the habeas court's judgment dismissing his petition, however, the
petitioner effectively is arguing that res judicata is not applicable and that
the federal due process claims were not raised on direct appeal.

[7] Although the doctrine of res judicata in its fullest sense bars claims that
*could have been raised* in a prior proceeding, such an application in the
habeas corpus context would be unduly harsh. Moreover, it would render
largely irrelevant the cause and prejudice standard for reviewability of

Our conclusion that the petitioner's claim regarding the assault rifle is not barred by res judicata does not, however, lead inescapably to the view that the habeas court improperly dismissed the habeas petition. Although res judicata does not bar the petitioner's second federal due process claim, we note that this court is "authorized to rely upon alternative grounds supported by the record to sustain a judgment. . . . Where the trial court reaches a correct decision but on mistaken grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it." (Citation omitted; internal quotation marks omitted.) *Kelley* v. *Bonney*, 221 Conn. 549, 592, 606 A.2d 693 (1992). As a result, even though the habeas court improperly concluded that the second federal due process claim was raised on direct appeal, we affirm that court's dismissal of the habeas petition because the claim was not preserved for review adequately due to the petitioner's failure to raise it on direct appeal, which constitutes a procedural default.[8]

---

habeas claims not raised in an earlier proceeding. The "decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the [respondent] and of the courts in bringing litigation to a close . . . and the competing interest of the [petitioner] in the vindication of a just claim. . . . The doctrines of preclusion . . . should be flexible and must give way when their mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies." (Citation omitted; internal quotation marks omitted.) *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 591, 674 A.2d 1290 (1996). Unique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. See *McCarthy* v. *Warden*, 213 Conn. 289, 294, 567 A.2d 1187 (1989), cert. denied, 489 U.S. 939, 110 S. Ct. 3220, 110 L. Ed. 2d 667 (1990). Foremost among those considerations is the interest in making certain that no one is deprived of liberty in violation of his or her constitutional rights. Id., 295. With that in mind, we limit the application of the doctrine of res judicata in circumstances such as these to claims that actually have been raised and litigated in an earlier proceeding.

[8] The respondent bears the initial burden to raise a claim of procedural default. See *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726,

"The appropriate standard for reviewability of habeas claims that were not properly raised at trial . . . or on direct appeal . . . because of a procedural default is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . ." (Citations omitted; internal quotation marks omitted.) *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 40, 779 A.2d 80 (2001). "Because [c]ause and prejudice must be established conjunctively, we may dispose of this claim if the petitioner fails to meet either prong." (Internal quotation marks omitted.) *Guadalupe* v. *Commissioner of Correction*, 68 Conn. App. 376, 385, 791 A.2d 640, cert. denied, 260 Conn. 913, 796 A.2d 557 (2002).

"Cause turns on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." (Internal quotation marks omitted.) *Bowers* v. *Commissioner of Correction*, 33 Conn. App. 449, 451, 636 A.2d 388, cert. denied, 228 Conn. 929, 640 A.2d 115 (1994). "Failing to recognize the factual or legal basis for a claim or failing to raise a claim despite recognizing it does not constitute cause for a procedural default." *Mercer* v. *Commissioner of Correction*, 49 Conn. App. 819, 824, 717 A.2d 763, cert. denied, 247 Conn. 920, 722 A.2d 810 (1998).

733–34, 779 A.2d 156 (2001). We note that the respondent in his return did allege that the petitioner had procedurally defaulted from raising his federal due process claims in a habeas petition because they should have been raised on direct appeal.

Here, the habeas court concluded that there was no failure to raise the second federal due process claim on direct appeal and, therefore, there was no need for a showing of good cause because both the petitioner and the respondent asserted that the claim had been raised on direct appeal.[9] As previously stated, however, the petitioner did not raise the second federal due process claim in his direct appeal. Although the habeas court did not make a specific finding regarding the existence of good cause, this court is permitted "to review the record in an effort to determine whether any evidence of cause and prejudice has been provided by a petitioner. Where no evidence has been provided, this court can independently conclude that the petitioner has failed to meet the cause and prejudice test." *Daniels* v. *Warden*, 28 Conn. App. 64, 72, 609 A.2d 1052, cert. denied, 223 Conn. 924, 614 A.2d 820 (1992). At the hearing on the motion to dismiss the habeas petition, the petitioner did not articulate any evidence of good cause, and, therefore, we conclude that he failed to meet his burden.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[9] In this appeal, however, the respondent asserts that the claim was not raised on direct appeal.