## ROBERT JOHNSON *v.* COMMISSIONER OF CORRECTION
### (AC 22990)

Foti, Schaller and Dranginis, Js.

Argued September 8—officially released December 23, 2003

---

*Kalisha R. Raphael*, deputy assistant public defender, with whom was *Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*Richard T. Biggar*, assistant state's attorney, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (respondent).

*Opinion*

FOTI, J. The petitioner, Robert Johnson, appeals following the denial by the habeas court of his petition for certification to appeal from its judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that the respondent commissioner of correction correctly applied the petitioner's credit for presentence confinement, thereby violating the petitioner's constitutional rights to equal protection and to due process. We affirm the judgment of the habeas court.

The underlying facts in this appeal, relating to the petitioner's arrest and confinement under three separate criminal informations, are not in dispute. On July 12, 1990, the petitioner was sentenced under the first information in Docket No. CR 90-382851 to serve a term of imprisonment of ten years, suspended after five years, with four years of probation. On June 3, 1994, the petitioner was discharged from the respondent's custody and began to serve the probationary portion of the sentence.

On June 3, 1995, the petitioner was arrested and, unable to post bond, held in presentence custody in lieu of bond under a second information in Docket No. CR 95-144123 from June 5 until September 21, 1995. On June 13, 1995, while being held in presentence confinement under that information, the petitioner was arrested and held in presentence custody in lieu of bond under a third information with Docket No. CR 95-474118. The petitioner was simultaneously held in presentence confinement under the second and third informations from June 13 until September 21, 1995, when the court, under the second information, sentenced him to serve a term of incarceration of six months. The respondent credited the petitioner with 108 days of presentence confinement, and, as a result, the petitioner completed his sentenced incarceration under the second information on December 1, 1995.

The petitioner remained in the respondent's custody in presentence confinement under the third information from December 2, 1995, until April 18, 1996. On March 14, 1996, the petitioner was arraigned on a charge of violation of probation in connection with his conviction under the first information. On April 18, 1996, the court sentenced the petitioner under the third information to a term of imprisonment of ten years, execution suspended after four years, and five years of probation. The court also sentenced the petitioner in connection with his conviction for violating his probation to a term of imprisonment of four years, which sentence was to run concurrently with its sentence under the third information. The respondent discharged the petitioner from his term of imprisonment under those informations on December 1, 1999, and the petitioner began to serve a five year probationary term (second probation) on that date.

On June 8, 2000, the petitioner was arrested for having violated the terms of his second probation. The peti-

tioner was held in presentence confinement following his arrest and, on July 18, 2000, the court sentenced him to a term of imprisonment of six years, execution suspended after eighteen months, and five years of probation. The respondent applied a credit to the petitioner's sentence for the time that the petitioner had spent in presentence confinement between June 8 and July 18, 2000. Consequently, the respondent discharged the petitioner from the term of incarceration on December 7, 2001, and the petitioner began to serve a five year probationary term on that date.

On April 25, 2001, the petitioner filed an amended petition for a writ of habeas corpus. He claimed that the respondent improperly had failed to apply a presentence confinement credit for the time period of June 13 through September 21, 1995, to the term of sentenced confinement under the third information. The court denied the petition for a writ of habeas corpus, and the petitioner brought the present appeal.[1]

The purely legal issue before us in the present appeal warrants plenary review. "The conclusions reached by the trial court in its decision to [deny a] habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally

---

[1] The court denied the petition for certification to appeal to this court. We agree with the petitioner that the issue raised in this appeal warrants review by this court and, accordingly, reach the merits of the appeal. "A habeas appeal that satisfies one of the criteria set forth in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), is not . . . frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citation omitted; internal quotation marks omitted.) *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 150, 662 A.2d 718 (1995).

In the habeas court and in his appellate brief, the petitioner also raised an issue with regard to the respondent's application of "good time credits." The petitioner abandoned that claim at oral argument.

and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Thorpe* v. *Commissioner of Correction*, 73 Conn. App. 773, 776–77, 809 A.2d 1126 (2002).

It is undisputed that between June 13 and September 21, 1995, the respondent held the petitioner in presentence confinement simultaneously under the second and third informations. Further, it is undisputed that the respondent had counted those days of presentence confinement and applied them to the petitioner's September 21, 1995 sentence under the second information. It is the petitioner's contention that the respondent should have credited those days of presentence confinement against the sentences imposed under both informations. The petitioner posits that "General Statutes § 18-98d requires each day of presentence confinement to be credited once against the docket number or numbers under which the accused was detained."

Our resolution of that issue is controlled by our decision in *King* v. *Commissioner of Correction*, 80 Conn. App. 580, 836 A.2d 466 (2003). In *King*, we rejected an identical argument and interpretation of § 18-98d (a),[2] and held that "[e]ach day of presentence confinement, regardless of the number of informations under which such confinement accrues, should be counted only once and credited to only one day of sentenced confinement.

___

[2] General Statutes § 18-98d (a) provides in relevant part: "Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided . . . each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement . . . ."

Once a day of presentence confinement has been credited to reduce the term of sentenced confinement under one information, it cannot be credited again to reduce the term of sentenced confinement under another information." Id., 587. Here, the petitioner received full credit for each of the days of presentence confinement at issue in this case; the respondent counted and credited those days to the petitioner's term of sentenced confinement under the second information. The respondent properly applied the petitioner's presentence confinement credit under the sentencing circumstances of this case.

The petitioner argues that the respondent's application of the credit violated the petitioner's right to equal protection. He argues that "[t]he courts must ensure that an individual who is unable to post bond is not disadvantaged by reason of his financial status and forced to serve more time than an individual who is able to post bond." Likewise, the petitioner argues that he "had a substantive due process right to serve only the stated length of his sentence, not the stated length plus the period of presentence confinement."

We rejected a similar equal protection challenge in *King* because, as here, the petitioner cannot demonstrate that the respondent's application of the statute has disadvantaged him because of his inability to post bond. See *King* v. *Commissioner of Correction*, supra, 80 Conn. App. 580. The respondent's application of the credit in this case neither unfairly disadvantaged the petitioner nor caused him to spend a single day longer in confinement than he should have by reason of the terms of incarceration imposed on him by the court. The petitioner's due process claim fares no better. The number of days that the petitioner has spent in custody, whether in presentence confinement or in sentenced confinement, equals the number of days to which he has been sentenced by the court as a result of his convic-

tions. His presentence confinements have caused him to spend no more time in custody and do not entitle him to spend any less time in custody.

The petitioner's suggested application of § 18-98d would have the effect of giving him a *benefit* because he happened to have been held in presentence incarceration simultaneously under more than one information. The purpose of the presentence confinement credit is clear: Presentence confinement credit should reduce the number of days of sentenced confinement so as to permit the detainee, in effect, to commence his sentence from the time he was compelled to remain in custody. *Holmquist* v. *Manson*, 168 Conn. 389, 393–94, 362 A.2d 971 (1975). To credit a day of presentence confinement more than once would, effectively, unfairly reduce criminal sentences. The multiple use of presentence confinement credits would benefit persons in the position of the petitioner unfairly because such persons would have their aggregate criminal sentences reduced *by more than* the number of days that they have spent in presentence confinement.

The judgment is affirmed.

In this opinion the other judges concurred.