ERIC KING *v.* COMMISSIONER OF CORRECTION
(AC 23734)

Foti, Schaller and Dranginis, Js.

Argued September 8—officially released December 23, 2003

*Judith M. Wildfeuer*, assistant public defender, with whom was *Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*Steven R. Strom*, assistant attorney general, with whom, on the brief, were, *Richard Blumenthal*, attorney general, and *Henri Alexandre*, assistant attorney general, for the appellee (respondent).

*Opinion*

FOTI, J. The petitioner, Eric King, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that the respondent commissioner of correction correctly applied the petitioner's credit for presentence confine-

ment in calculating his discharge date, and that the court thereby violated the equal protection rights afforded him under the federal and state constitutions. We affirm the judgment of the habeas court.

The facts underlying this appeal are not in dispute, and relate to the petitioner's arrest and presentence confinement under two separate informations. On May 18, 1995, the petitioner was arrested and, unable to post bond, held in lieu of bond under the first information in Docket No. CR 95-97012. On February 6, 1996, the court, *Graham, J.,* sentenced the petitioner to nine months imprisonment in that case for failure to appear in the second degree. The respondent applied 264 days of presentence confinement credit to the petitioner's sentence. That credit reflected the period between May 18, 1995, and February 6, 1996. As a result, the petitioner completed his sentence on February 15, 1996, just nine days after the court imposed it.

On June 15, 1995, during the period of time in which the petitioner was being held in presentence confinement under the first information, he was arrested and, unable to post bond, held in lieu of bond under an information with Docket No. CR 95-98207. The petitioner was held in presentence confinement simultaneously under both of those informations for 236 days, between June 15, 1995, the date of the petitioner's arrest under the second information, and February 6, 1996, the date on which the petitioner began serving his sentence for the failure to appear conviction under the first information. When the petitioner finished serving his sentence for the failure to appear conviction on February 15, 1996, he remained in presentence confinement under the second information for the time period beginning on February 16, 1996, and ending on May 5, 2000, when he was sentenced by the court, *Clifford, J.,* to an eighteen year term of imprisonment on the manslaughter charge in that case. In calculating the

petitioner's sentence for the manslaughter conviction, the respondent applied 1546 days of presentence confinement credit to the sentence, reflecting the period of time between February 16, 1996, when the petitioner had concluded serving his sentence for the failure to appear conviction under the first information, until May 5, 2000, when the court sentenced the petitioner on the manslaughter conviction under the second information.

On December 28, 2001, the petitioner filed an amended petition for a writ of habeas corpus. Relevant to the issues he raises on appeal, he argued that the respondent improperly had failed to apply an additional presentence credit of 236 days to reduce the manslaughter sentence. He also argued that the respondent's misapplication of the credit had the effect of "causing an indigent person unable to post pretrial bond to serve a longer period of incarceration to satisfy a sentence than a nonindigent person who is able to post bond would be required to serve in order to satisfy a sentence of the same length." Specifically, the petitioner argued that the respondent improperly failed to apply a credit on the manslaughter sentence for the 236 days in which the petitioner was held in presentence confinement simultaneously under both informations. The petitioner argued that the respondent's failure to so credit his sentence resulted in his being held unlawfully beyond his proper release date. The court dismissed the petition, and the petitioner brought the present appeal.[1]

---

[1] The court also denied the petition for certification to appeal to this court. We agree with the petitioner that the issue raised in his appeal warrants review by this court and, accordingly, reach the merits of the appeal. "A habeas appeal that satisfies one of the criteria set forth in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), is not . . . frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citation omitted; internal quotation marks omitted.) *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 150, 662 A.2d 718 (1995).

There are no factual issues in dispute; at issue is whether the respondent properly calculated the petitioner's sentence for manslaughter. Accordingly, "[t]he conclusions reached by the trial court in its decision to dismiss the habeas petition are matters of law, subject to plenary review . . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Fuller* v. *Commissioner of Correction*, 75 Conn. App. 133, 135, 815 A.2d 208 (2003).

General Statutes § 18-98d (a) (1) provides in relevant part that "[a]ny person who is confined to a community correctional center or a correctional institution for an offense on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement . . . ."

Affording sentenced inmates credit for time they have spent in presentence confinement does not reduce the sentence imposed; rather, it gives "recognition to the period of presentence time served and to permit the prisoner, in effect, to commence serving his sentence from the time he was compelled to remain in custody due to a mittimus . . . or because of the court's refusal to allow bail or the defendant's inability to raise bail . . . ." *Holmquist* v. *Manson*, 168 Conn. 389, 393–94, 362 A.2d 971 (1975).

In *Payton* v. *Albert*, 209 Conn. 23, 547 A.2d 1 (1988) (en banc), overruled in part on other grounds, *Rivera* v. *Commissioner of Correction*, 254 Conn. 214, 255 n.44, 756 A.2d 1264 (2000), our Supreme Court addressed an issue concerning the effect of a jail time credit on a concurrent sentence. Although *Payton* is factually dissimilar from the present case because the present case does not involve the application of a credit on a sentence imposed concurrently on the same day, our Supreme Court's discussion of § 18-98d nonetheless affords us some guidance on how to apply the statute. The Supreme Court in *Payton* stated that the legislature "has not intended to authorize the transfer of jail time credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense." Id., 31–32. The court further stated that under § 18-98d, "there is now only a single jail time credit applicable to presentence confinements." Id., 31.[2]

*Torrice* v. *Commissioner of Correction*, 55 Conn. App. 1, 739 A.2d 270 (1999), is directly on point with the issue before us. In *Torrice*, this court, in a per curiam opinion, adopted as a proper statement of the facts and applicable law a habeas court's memorandum

---

[2] The petitioner in *Payton* accrued credits for presentence confinement while he was held under two different informations simultaneously. The trial court later sentenced him to serve concurrent sentences with regard to charges brought under the two informations. Our Supreme Court noted that although General Statutes § 18-98d pertains to the calculation of sentences generally, it does not address the matter of concurrent sentences. *Payton* v. *Albert*, supra, 209 Conn. 32. It thus examined General Statutes § 53a-38 (b), which provides in relevant part that if sentences run concurrently, "the terms merge in and are satisfied by discharge of the term which has the longest term to run . . . ." Pursuant to that statute, the court upheld the calculation by the respondent commissioner of correction, which involved an adjustment of each sentence separately in light of the authorized jail time credits and a determination of which of the adjusted concurrent sentences had the longest term to run. In the present case, because the petitioner's sentences were not ordered to run concurrently, § 53a-38 (b) does not apply. Hence, the sentence calculation method used in *Payton* does not apply

of decision concerning the application of pretrial confinement credits in several cases. See *Torrice* v. *Commissioner of Correction*, 46 Conn. Sup. 77, 738 A.2d 1164 (1999). The petitioner in *Torrice*, unable to post bond, was held in presentence confinement simultaneously under two separate informations between July 21 and October 28, 1986. Id., 78. On October 28, 1986, the court sentenced the petitioner under one of the informations. Id. The respondent commissioner of correction applied a presentence confinement credit for the time the petitioner was in custody, from July 21 through October 28, 1986, to the petitioner's sentence on that information. Id., 79. On May 15, 1987, the court sentenced the petitioner on the other information, and the respondent commissioner of correction did not apply a presentence confinement credit to that sentence. The habeas court determined that the respondent properly had declined to apply the credit to each separate sentence. Id., 81–82. The court stated that once the credit had been "fully utilized" as to one of the sentences, it was "not available for application" to the other sentence. Id., 82. The court further explained that "[p]retrial confinement credit applied to one sentence in one docket is not thereafter available for application to another sentence in another docket." Id.

The unambiguous language of § 18-98d (a) (1) (A) provides that "each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement . . . ." In the present case, the respondent counted the 236 days of presentence confinement between June 15, 1995, and February 6, 1996, only once and properly applied them to the sentence imposed on February 6, 1996. The petitioner received the benefit of this presentence confinement and completed his February 6, 1996 sentence on February 15, 1996. He now seeks to have the same 236 day credit applied more

---

in the present case even though the petitioner was held in presentence confinement under two informations.

than once, this time to a sentence that the court imposed more than four years later on May 5, 2000.

Each day of presentence confinement, regardless of the number of informations under which such confinement accrues, should be counted once and credited to only one day of sentenced confinement. Once a day of presentence confinement has been credited to reduce the term of sentenced confinement under one information, it cannot be credited again to reduce the term of sentenced confinement under another information. The petitioner received credit for each day that he spent in presentence confinement because, as he asserts, he was unable to post bond. He now seeks a credit for some of those same days simply because, at the time he already was in presentence confinement, he was arrested and unable to post bond in a separate matter. Certainly, that circumstance should not work to the petitioner's *benefit*. Credits are properly applied to reduce the number of days of sentenced confinement *to reflect days spent in presentence confinement*; they should not be used to *reduce* criminal sentences. To count those days more than once would permit the petitioner to reduce the number of days that he was ordered to spend in sentenced confinement under both informations simply because he happened to have been held in presentence confinement simultaneously under the two informations. In other words, the petitioner's suggested application of the statute would permit him to reuse credit for each day that he spent in presentence confinement. Consequently, the petitioner would be able to reduce the aggregate days of sentenced confinement imposed under different informations *by more than* the number of days that he spent in presentence confinement. Such a consequence runs contrary to the public policy of this state because it has the effect of permitting the petitioner to avoid serving the full term

of any criminal sentences imposed against him. See *Payton* v. *Albert*, supra, 209 Conn. 33–34.

We conclude that the respondent properly applied § 18-98d to the sentencing circumstances of this case. For the reasons already discussed, we reject the petitioner's equal protection challenge to the respondent's application of the statute. The petitioner argued in that regard that the "[r]espondent's failure to reduce [his] sentence by the entire amount of time he spent in pre-sentence confinement violates [his] state and federal right[s] to equal protection of law." The petitioner points out that the respondent did not credit the manslaughter sentence with the additional 236 days that the respondent already had credited to the earlier sentence. The petitioner claims that he is an "indigent inmate" and that the respondent's failure to credit those days to the manslaughter sentence "result[ed] in lengthening [the] sentence beyond the sentence imposed by the court, thus disadvantaging [him] due to his lack of wealth."

The petitioner's claim apparently relies on a comparison between wealthy and indigent petitioners. The petitioner has failed, however, to explain how his indigency has disadvantaged him or has caused him to serve more jail time than would a wealthy petitioner who has been convicted of the same crimes. The petitioner has received credit for each and every day that he spent in presentence confinement because of his inability to post bond. As did our Supreme Court in *Payton* v. *Albert*, supra, 209 Conn. 33–34, we note the compelling state interest in discouraging criminal activity that is furthered by the application of the statute and, specifically here, the state's interest in preventing defendants from reusing credits applied against one sentence to reduce their terms of confinement under another sentence.

The judgment is affirmed.

In this opinion the other judges concurred.