## DAVID MIRAULT *v.* COMMISSIONER OF CORRECTION
### (AC 23986)

Schaller, West and DiPentima, Js.

Argued January 12—officially released April 20, 2004

*Kalish R. Raphael,* assistant public defender, for the appellant (petitioner).

*Ann E. Lynch,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, David Mirault, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1) concluded that the respondent commissioner of correction correctly applied the petitioner's credit for presentence confinement in calculating his discharge date, and that the court thereby violated the equal protection rights afforded him under the federal and state constitutions, and (2) ordered that the amount of presentence confinement credit earned on a fifteen year sentence be reduced by eight days, thereby lengthening the sentence by eight days. We affirm in part and reverse in part the judgment of the habeas court.

The following facts and procedural history are relevant to the petitioner's appeal. On April 26, 1993, the petitioner was arraigned on docket numbers CR93-439055 (docket one) and CR93-439054 (docket two) and, unable to post bond, held in lieu of bond. On May 11, 1993, he was arraigned on docket number CR-93-439809 (docket three) and held in lieu of bond. On June 22, 1993, the petitioner was charged with violation of probation pursuant to General Statutes § 53a-32, arraigned on docket number CR92-203769 (docket four) and held in lieu of bond. On July 21, 1993, he pleaded guilty to violation of probation as to docket four and was sentenced to a term of six months imprisonment. At that time, the petitioner was given twenty-one days of presentence credit for the twenty-nine day period between June 22, 1993, the day he was charged with

violation of probation, and July 21, 1993, the day he began his sentence on the charge.

On November 15, 1993, the petitioner was discharged from the six month sentence imposed in docket four and returned to pretrial status on dockets one, two and three. On June 17, 1994, he was sentenced on the remaining dockets as follows: docket one, a total effective sentence of twenty-two years, execution suspended after fifteen years, and five years probation; docket two, a total effective sentence of fifteen years; and docket three, a total effective sentence of fifteen years. Each of those sentences was ordered to be served concurrently, resulting in an effective sentence of twenty-two years, execution suspended after fifteen years, and five years probation. In calculating the petitioner's sentence, the respondent applied 263 days of jail time credit against that sentence. The respondent did not apply twenty-one days of presentence confinement credit, which reflected confinement from June 22 to July 21, 1993, against that sentence because the respondent had applied the twenty-one days of credit to docket four.

On October 14, 1998, the petitioner filed a petition for a writ of habeas corpus, arguing that the respondent improperly had failed to apply an additional presentence credit of twenty-one days to reduce his sentence on docket three. Specifically, the petitioner claimed that pursuant to General Statutes § 18-98d, he had earned a total of 284 days of presentence confinement credit on docket three, having served in pretrial detention from May 11 to July 21, 1993, and from November 16, 1993, to June 16, 1994.

The court dismissed the petition, concluding that the respondent correctly had applied § 18-98d to the petitioner's dockets. The court further concluded that "the petitioner's term of presentence confinement on docket four was twenty-nine days, and not twenty-one. The

result of this latter conclusion is that the 264 days of presentence confinement credit earned on docket three must be reduced by eight days, which will extend the petitioner's discharge day accordingly." The petition for certification was filed on January 27, 2003, and granted by the court on February 5, 2003. This appeal followed.

I

The petitioner first claims that the court improperly concluded that the respondent correctly applied the petitioner's credit for presentence confinement in calculating his discharge date and that the court thereby violated the equal protection rights afforded him under the federal and state constitutions.

There are no factual issues in dispute. Because the issue is whether the respondent properly calculated the petitioner's presentence confinement credit to be applied toward his sentence, the conclusion reached by the court presents a question of law that is subject to plenary review. See *Thorpe* v. *Commissioner of Correction*, 73 Conn. App. 773, 776–77, 809 A.2d 1126 (2002).

Our resolution of that issue is controlled by our decision in *King* v. *Commissioner of Correction*, 80 Conn. App. 580, 836 A.2d 466 (2003); see also *Johnson* v. *Commissioner of Correction*, 80 Conn. App. 574, 836 A.2d 453 (2003). In *King*, we rejected the same argument and interpretation of § 18-98d (a), and held that "[e]ach day of presentence confinement, regardless of the number of informations under which such confinement accrues, should be counted only once and credited to only one day of sentenced confinement. Once a day of presentence confinement has been credited to reduce the term of sentenced confinement under one information, it cannot be credited again to reduce the term of sentenced confinement under another information."

*King* v. *Commissioner of Correction,* supra, 587.[1] Here, the respondent applied credit for twenty-one days of presentence confinement to the petitioner's confinement under docket four. The petitioner's sentence for violation of probation was reduced and he returned to pretrial status.

As the petitioner in *King* had claimed, the petitioner here argues that the respondent's application of the credit violated the petitioner's right to equal protection under both the federal and state constitutions. He argues that he was disadvantaged by reason of his financial status because he was unable to post bond and that he was forced to serve more time than an individual who was able to post bond. The respondent's application of the credit in this case did not unfairly disadvantage the petitioner because of his inability to post bond. The petitioner indeed received credit for each day that he served in lieu of bond. See id., 586–87. His presentence confinement did not cause him to spend any more time in custody, and he therefore is not entitled to spend any less time in custody. To hold otherwise effectively would give the petitioner the benefit of reducing his sentence for having been held in presentence confinement under more than one information. See *Johnson* v. *Commissioner of Correction,* supra, 80 Conn. App. 580. In accordance with the reasoning in *King,* we con-

---

[1] The petitioner relies on *Payton* v. *Albert,* 209 Conn. 23, 547 A.2d 1 (1988) (en banc), overruled in part on other grounds, *Rivera* v. *Commissioner of Correction,* 254 Conn. 214, 255 n.44, 756 A.2d 1264 (2000), and *Valle* v. *Commissioner of Correction,* 45 Conn. App. 566, 696 A.2d 1280 (1997), rev'd on other grounds, 244 Conn. 634, 711 A.2d 722 (1998), for the proposition that he is entitled to have presentence confinement credit earned simultaneously on multiple docket numbers applied to each docket number under which he is held in lieu of bond. Our analysis in *King,* however, shows that such reliance is misplaced. See *King* v. *Commissioner of Correction,* supra, 80 Conn. App. 585–86 (analyzing *Payton* and reiterating that once credit has been fully utilized as to one sentence, it is not available for application to another sentence).

clude that the court properly dismissed the petitioner's claim.

## II

The petitioner next claims that the court improperly ordered that the amount of presentence confinement credit earned on docket three be reduced by eight days, thereby lengthening his sentence by eight days. The petitioner claims that because neither the petitioner nor the respondent raised that issue before the habeas court, the court acted without giving the petitioner notice that would afford him an adequate opportunity to address the issue.[2] We agree with the petitioner.

Our Supreme Court has held that "it is a principle of natural justice of universal obligation, that before the rights of an individual be bound by a judicial sentence he shall have notice . . . of the proceedings against him. . . . Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." (Citations omitted; internal quotation marks omitted.) *Kron* v. *Thelen*, 178 Conn. 189, 193, 423 A.2d 857 (1979).

The court correctly noted that the respondent incorrectly had calculated the petitioner's confinement credit. Because the petitioner was not given notice and an opportunity to address that issue, however, the extension of the discharge date cannot stand.

The judgment is reversed only with respect to the extension of the petitioner's discharge date by eight days and the case is remanded with direction to vacate

---

[2] The respondent argues that the petitioner was obligated to file a motion for articulation for review of that order. Although the petitioner filed a motion to correct, and that motion was denied, no articulation of the order is necessary for our review.

that portion of the judgment. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.