LESLY SAINTVAL *v.* COMMISSIONER OF
CORRECTION
(AC 26434)

Schaller, Flynn and DiPentima, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date the appeal was submitted on the briefs.

Submitted on briefs December 2, 2005—officially released March 14, 2006

*Temmy Ann Pieszak*, chief of habeas corpus services, filed a brief for the appellant (petitioner).

*Richard Blumenthal*, attorney general, and *Henri Alexandre* and *Ann E. Lynch*, assistant attorneys general, filed a brief for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Lesly Saintval, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that the respondent, the commissioner of correction, correctly applied the petitioner's credit for presentence

confinement in calculating his discharge date. We dismiss the appeal.

The petitioner filed a petition for a writ of habeas corpus on July 28, 2003, challenging the calculation of his presentence confinement credit. At the hearing on his petition, the following historical facts were not in dispute. The petitioner had been confined simultaneously under three different docket numbers for the period from April 11, 2001, to January 29, 2002. On January 29, 2002, he was sentenced on one of those docket numbers. He was discharged from that sentence on February 28, 2003, after the respondent had credited the petitioner with the 293 days of the April 11, 2001 to January 29, 2002 pretrial confinement. On April 29, 2003, the petitioner was sentenced on the two remaining docket numbers, to which the respondent did not apply the 293 days of pretrial confinement.[1] The court concluded that the respondent correctly calculated and applied the presentence confinement credit under General Statutes § 18-98d.[2] This appeal followed.

In his appeal, the petitioner claims that the court incorrectly applied § 18-98d, arguing that prior interpretations of § 18-98d are in error and that the court's application of the statute violates the equal protection,

[1] The respondent, however, did credit the additional days that the petitioner was in presentence confinement for the other docket numbers, and only the credit of 293 days is in dispute.

[2] General Statutes § 18-98d (a) (1) provides in relevant part: "Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement . . . ."

due process, double jeopardy and separation of powers doctrines. Specifically, he claims that the 293 days of pretrial confinement credit should have been applied to all three docket numbers. We disagree.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *James*, 64 Conn. App. 495, 499, 779 A.2d 1288 (2001), rev'd on other grounds, 261 Conn. 395, 802 A.2d 820 (2002).

As to a reversal on the merits in a challenge to the calculation of pretrial confinement credits, the conclusions of the court in denying the petition "are matters of law, subject to plenary review . . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *King* v. *Commissioner of Correction*, 80 Conn. App. 580, 584, 836 A.2d 466 (2003), cert. denied, 267 Conn. 919, 841 A.2d 1191 (2004).

After our review of the record and briefs and in light of the applicable law, we conclude that the court did not abuse its discretion in denying the petition for certi-

fication to appeal. There is both Supreme Court and Appellate Court authority that assists with our disposition of the petitioner's claims. See *Hunter* v. *Commissioner of Correction,* 271 Conn. 856, 860 A.2d 700 (2004) (rejecting equal protection, due process challenges to application of § 18-98d); see also *Cox* v. *Commissioner of Correction,* 271 Conn. 844, 860 A.2d 708 (2004) (same); *Harris* v. *Commissioner of Correction,* 271 Conn. 808, 860 A.2d 715 (2004) (rejecting equal protection, double jeopardy challenges to application of § 18-98d); *Whitaker* v. *Commissioner of Correction,* 90 Conn. App. 460, 878 A.2d 321 (rejecting equal protection, due process, separation of powers challenge to application of § 18-98d), cert. denied, 276 Conn. 918, 888 A.2d 89 (2005); *Mirault* v. *Commissioner of Correction,* 82 Conn. App. 520, 844 A.2d 961 (2004) (rejecting equal protection challenge to application of § 18-98d); *King* v. *Commissioner of Correction,* supra, 80 Conn. App. 580 (rejecting equal protection challenges to application of § 18-98d). All of those cases interpreted § 18-98d to permit pretrial confinement credit to be used only once. On the basis of the foregoing, we are not convinced that the issues presented in this appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden,* supra, 230 Conn. 616; see also *Lozada* v. *Deeds,* 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). Finally, no injustice appears to have been done.

The appeal is dismissed.

In this opinion the other judges concurred.