[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition of February 6, 2002, petitioner seeks a writ of habeas corpus. Through inadvertence, petitioner has filed an identical petition on May 1, 2002. Respondent has moved to dismiss the petition dated February 6, 2002. Since both petitions are identical, the ruling on the motion to dismiss is applicable to both files.
By his petition, it is claimed that petitioner is being improperly deprived of consideration by the parole board.
On May 15, 2000, petitioner was committed to the custody of the commissioner of corrections for a period of five years after a conviction of the crime of robbery in the third degree in violation of C.G.S. §53a-136. On the same date he was convicted of the offense of sale of narcotics in violation of § 21 a-277(a) and a sentence of five years was imposed. On that same date, petitioner was sentenced to a term of five years for violation of probation for an offense which was committed on August 29, 1995. All sentences were to run concurrently for a total effective sentence of five years.
Petitioner is now in the custody of the commissioner of corrections serving this sentence. It is alleged in the petition that while undergoing assessment at the Walker Reception and Special Management Unit of the Department of Correction, petitioner received a letter from the board of parole stating that he must serve 85% of his total effective sentence before becoming eligible for parole. Petitioner claims that this decision by the board of parole is improper and has deprived him of his right to be considered for parole after serving 50% of his sentence.
Respondent has moved to dismiss the petition. In accordance with Connecticut Practice Book § 23-29, the court is authorized to dismiss any habeas corpus action when it is determined that the court lacks jurisdiction. CT Page 14181
Here, petitioner claims that he is being denied his right to a hearing before the board of parole. C.G.S. § 54-125 states that the board of parole may allow sentenced prisoners to be released on parole at the discretion of the board under certain circumstances.
Before a writ of habeas corpus can be issued, it is essential for the court to determine that petitioner has been deprived of his legal rights. McPheters v. Pollard, 146 Conn. 509, 510 (1959). The Connecticut statute, § 54-125, is so worded that it does not give an inmate any right to demand or even apply for parole. Vincenzo v. Warden,26 Conn. App. 132, 141 (1991). Since petitioner has no legal right to parole, the denial, or the delay, of a hearing before the board of parole presents no basis for the granting of a writ of habeas corpus.
It is noted that petitioner's claim differs from the ex post facto claims raised in Robinson v. Commissioner, 258 Conn. 830 (2002) andJohnson v. Commissioner, 258 Conn. 804 (2002) where the crimes were committed prior to July 1, 1996. According to the mittimus, petitioner committed the crime of robbery in the third degree on June 24, 1999 well after the enactment of the amendment of C.G.S. § 54-125a which effected parole eligibility. On the date of petitioners robbery offense, C.G.S. § 54-125a (b)(2) provided that, "a person convicted of a criminal offense . . ., where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against another person shall be ineligible for parole . . . until such person has served not less than 85% of the definite sentence imposed."
Petitioner was convicted of robbery in the third degree in violation of C.G.S. § 53a-136 which provides that a person is guilty of robbery in the third degree when he commits robbery as defined in § 53a-133. Section 53a-133 defines robbery as follows "a person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purposes of. . . ." Since the definition of robbery requires a showing of the use of physical force or the attempted or threatened use of such force, the board of parole has included § 53a-136, robbery in the third degree, as one of the offenses for which a prisoner must serve at least 85% of his sentence before he is eligible for parole consideration.
It must, therefore, be concluded that this court does not have jurisdiction to adjudicate the claim set for the in the petition.
Accordingly, the petition is dismissed. CT Page 14182
The identical petition filed May 1, 2002 is dismissed pursuant to the provisions of Connecticut Practice Book § 23-29(3).
___________________ Joseph J. Purtill, JTR CT Page 14183