TROY BAKER *v.* COMMISSIONER OF CORRECTION
(AC 25128)

Lavery, C. J., and Flynn and Dupont, Js.

Argued June 6—officially released October 11, 2005

*Catherine O. Brennan,* certified legal intern, with whom were *Timothy H. Everett,* special public defender, and *Jeremy S. Donnelly,* certified legal intern, for the appellant (petitioner).

*Steven R. Strom,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellees (respondents).

*Opinion*

DUPONT, J. The dispositive issue in this appeal is whether the habeas court lacked subject matter jurisdiction to consider the petition for a writ of habeas corpus filed by the petitioner, Troy Baker,[1] which sought an order from the court that the respondent

---

[1] Pursuant to a stipulation between the petitioner and the respondent commissioner of correction, the court granted the parties' motion to cite in the board of parole as a respondent.

board of parole (board)[2] declare him eligible for parole after he serves 50 percent of his current sentence. The petitioner claims that the court improperly dismissed his petition after finding that his claimed liberty interest in parole eligible status was not an interest sufficient to invoke the court's jurisdiction. We agree with the petitioner and, therefore, reverse the judgment of the habeas court.

The petitioner's second amended petition against the respondent commissioner of correction and the board sought calculation of parole eligibility when the petitioner had served 50 percent of his sentence, which he claims is the proper percentage based on the date of his conviction, pursuant to General Statutes § 54-125a.[3]

---

[2] Counsel for the petitioner and the respondent commissioner of correction are to be commended for their excellent briefs and oral arguments. Counsel for the petitioner were certified legal interns from the University of Connecticut School of Law criminal law clinic under the supervision of Timothy H. Everett, clinical professor of law.

[3] General Statutes § 54-125a, titled "Parole of inmate serving sentence of more than two years. Eligibility. Hearing to determine suitability for parole release of certain inmates," provides in relevant part: "(a) A person convicted of one or more crimes who is incarcerated on or after October 1, 1990, who received a definite sentence or aggregate sentence of more than two years, and who has been confined under such sentence or sentences for not less than one-half of the aggregate sentence or one-half of the most recent sentence imposed by the court, whichever is greater, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which the person is confined, if (1) it appears from all available information, including any reports from the Commissioner of Correction that the panel may require, that there is reasonable probability that such inmate will live and remain at liberty without violating the law, and (2) such release is not incompatible with the welfare of society. . . .

"(b) (1) No person convicted of any of the following offenses, which was committed on or after July 1, 1981, shall be eligible for parole under subsection (a) of this section: Capital felony, as provided in section 53a-54b, felony murder, as provided in section 53a-54c, arson murder, as provided in section 53a-54d, murder, as provided in section 53a-54a, or aggravated sexual assault in the first degree, as provided in section 53a-70a. (2) A person convicted of an offense, other than an offense specified in subdivision (1) of this subsection, where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against

The effective date of § 54-125a (b) (2) was July 1, 1996.[4] *Johnson* v. *Commissioner of Correction,* 258 Conn. 804, 812, 786 A.2d 1091 (2002). The respondents alleged in their answer that the board has the discretion to consider and to determine the petitioner's eligibility for parole, taking into account the present and past indicia of violence as evidenced in both his past crimes and the crimes for which he is presently incarcerated.[5]

The petitioner is serving a total effective sentence of fifteen years incarceration, execution suspended after seven years, with three years probation. He was convicted and sentenced for criminal possession of a firearm in violation of General Statutes § 53a-217, carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 (a), sale of narcotics in violation of General Statutes § 21a-277 (a) and forgery in the second degree in violation of General Statutes § 53a-139 (a) (3). The crimes were committed on February 19, 2000, and his sentences were imposed on July 13, 2001.

The petitioner contends that the court improperly dismissed his petition after finding that his claimed

another person shall be ineligible for parole under subsection (a) of this section until such person has served not less than eighty-five per cent of the definite sentence imposed. . . . "

[4] We note that the petitioner's prior convictions, which he claims the board improperly considered in determining that he was not eligible for parole release consideration until he served 85 percent of his sentence, were in 1991 and 1995.

[5] The petitioner also claims on appeal that General Statutes § 54-125a does not authorize the board to consider past criminal offenses when determining whether an inmate serving a parole eligible sentence must serve 50 percent or 85 percent of that sentence before he is eligible for parole consideration. Because we conclude that the petitioner's jurisdictional claim is the dispositive issue in his appeal, we do not reach the petitioner's second claim. We note that the court discussed, in a nonconclusory way, some aspects of the merits of the petitioner's second claim. Having concluded that subject matter jurisdiction was lacking, however, the court's statements concerning the merits of that claim are dicta. See *State* v. *Singleton,* 274 Conn. 426, 440, 876 A.2d 1 (2005) (acknowledging general rule that statements made by court following determination that subject matter jurisdiction lacking are to be regarded as dicta).

liberty interest in parole eligible[6] status was not an interest sufficient to invoke the court's jurisdiction and that the court failed to order a remedy on the merits. "We begin our analysis by noting that, [u]nlike jurisdiction over the person, subject matter jurisdiction cannot be created through consent or waiver. . . . Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . The court must fully resolve it before proceeding further with the case. . . . Whenever a court finds that it has no jurisdiction, it must dismiss the case, without regard to previous rulings." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction,* supra, 258 Conn. 813.

"Subject matter jurisdiction does not rest on the viability of the claims that a court is asked to adjudicate. Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Olympus Healthcare Group, Inc.* v. *Muller,* 88 Conn. App. 296, 300, 870 A.2d 1091 (2005).

"We [next take] note of the basic purpose underlying what is one of the most extraordinary and unique legal

---

[6] Eligibility for parole and suitability for parole release are two distinct concepts in parole administration. We agree with the petitioner and the court that parole eligibility means that the prisoner may be considered by the board for release, whereas suitability is the determination by the board that the prisoner is actually entitled to release under the relevant guidelines. See *Thomas* v. *Brennan,* 961 F.2d 612, 614 n.3 (7th Cir. 1992).

remedies in the procedural armory of our law. . . . Although it is true that the United States Supreme Court has not always followed an unwavering line in its conclusions as to the availability of [t]he [writ of habeas corpus] . . . from the time the writ originated in seventeenth century England, its central purpose has been to test the legality of detention. English legislation and common law have been recognized by the United States Supreme Court as authoritative guides in applying the writ in the federal courts." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 258 Conn. 813.

"In applying federal habeas statutes, the United States Supreme Court has said that [t]he purpose of the proceeding . . . was to inquire into the legality of the detention . . . . There is no warrant in . . . the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law." (Internal quotation marks omitted.) Id., 814.

"The history of our own jurisprudence is wholly in accord with these principles. Habeas corpus provides a special and extraordinary legal remedy for illegal detention. . . . The deprivation of legal rights is essential before the writ may be issued. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. . . . When a habeas petition is properly before a court, the remedies it may award depend on the . . . rights being vindicated. . . . Further, any remedy must be commensurate with the scope of the . . . violations that have been established." (Internal quotation marks omitted.) Id., 815. The question in many habeas corpus cases is whether the petitioner's claim implicates an illegal detention.

Importantly, in *Peyton* v. *Rowe*, 391 U.S. 54, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968), the United States Supreme Court held that a court maintained subject matter jurisdiction over a petition for a writ of habeas corpus even when a judgment in favor of the petitioner would not result in his immediate release. Id., 66–67. Habeas is broad, the *Peyton* court emphasized, stating that it "does not deny the . . . courts power to fashion appropriate relief other than immediate release." Id., 66. Consistent with its broad vision of habeas corpus, the United States Supreme Court has expressly sanctioned the invocation of the writ when the injury in question is the prejudicing of one's right to be considered for parole.[7] See *Braden* v. *30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 487, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) (existence of outstanding indictment in Kentucky that petitioner was seeking to challenge "adversely affected his condition of present confinement in Alabama by prejudicing his opportunity for parole");[8] see also *Chatman-Bey* v. *Thornburgh*, 864 F.2d 804 (D.C. Cir. 1988); *State* v. *Faria*, 254 Conn. 613, 627 n.16, 758 A.2d 348 (2000).

The petitioner contends that he stated a cognizable claim, as required by *Johnson* v. *Commissioner of Correction*, supra, 258 Conn. 804, and *Vincenzo* v. *Warden*, 26 Conn. App. 132, 599 A.2d 31 (1991). In *Vincenzo*,

[7] The court in the present case determined that jurisdiction was lacking because the petitioner had no liberty interest in or right to parole release, and, therefore, there was no illegal confinement or an ex post facto unconstitutional application of a statute, such as General Statutes § 54-125a.

[8] In *Braden*, the petitioner was incarcerated in Alabama pursuant to a state conviction. Kentucky authorities lodged a detainer with Alabama authorities on the basis of an indictment on Kentucky charges. *Braden* v. *30th Judicial Circuit Court of Kentucky*, supra, 410 U.S. 486. The petitioner objected to the indictment in Kentucky that underlay the detainer. He sought to challenge the validity of the Kentucky indictment by filing a habeas petition. Id., 486–87. The United States Supreme Court held that the District Court for the Western District of Kentucky had jurisdiction over his petition for a writ of habeas corpus. Id., 500–501.

this court affirmed the habeas court's judgment of dismissal on the basis of a lack of subject matter jurisdiction. Id., 133. This court interpreted § 54-125a as it existed in 1991, before the amendment, effective on July 1, 1996, and found that because the statute vested broad discretion in the board, there was no protected liberty interest implicated by the rule-making procedures of parole *release*. Id., 142. The petitioner, therefore, failed to assert a cognizable claim, which would invoke the habeas court's subject matter jurisdiction. Id. *Vincenzo* is plainly distinguishable from the present case, as the petitioner does not claim in his habeas petition any interest in parole *release* but in parole *eligibility*.

In *Johnson*, our Supreme Court recognized the distinction between parole eligibility and parole release. The petitioner in *Johnson* claimed that his rights under the ex post facto clause of the constitution of the United States, article one, § 10,[9] were violated when the board denied him parole eligible status until his completion of 85 percent, rather than 50 percent, of his sentence. *Johnson* v. *Commissioner of Correction*, supra, 258 Conn. 807–808. In finding jurisdiction, the court recognized that the petitioner made a colorable showing that he likely would serve more prison time as a result of the extension of his parole eligibility date from 50 percent under the old law to 85 percent under the new law, effective July 1, 1996. Id., 818–19.[10] Implicit in the court's finding of subject matter jurisdiction was the recognition that although an inmate has no right to parole release, he has a liberty interest in parole eligible status. A prior, similar case also concluded that subject matter

[9] In order to violate the ex post facto clause, a statute must (1) apply retrospectively and (2) create a more onerous burden than the law in effect on the date of the offense. *Johnson* v. *Commissioner of Correction*, supra, 258 Conn. 817.

[10] The court also concluded that the legislature did not intend that General Statutes § 54-125a would have a retroactive effect.

jurisdiction exists. In that case, it was determined that if a loss of good time credit would lengthen a term of confinement, a constitutional due process claim involving a recognized liberty interest is implicated and gives rise to subject matter jurisdiction in a habeas court. *Santiago* v. *Commissioner of Correction*, 39 Conn. App. 674, 682–83, 667 A.2d 304 (1995).

Our holding that there is a liberty interest in parole eligible status is consistent with the clear statutory scheme of § 54-125a. Subsection (a) provides in relevant part: "A person convicted of one or more crimes who is incarcerated on or after October 1, 1990, who received a definite sentence or aggregate sentence of more than two years, and who has been confined under such sentence or sentences for not less than one-half of the aggregate sentence or one-half of the most recent sentence imposed by the court, whichever is greater, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which the person is confined, if (1) it appears from all available information, including any reports from the Commissioner of Correction that the panel may require, that there is reasonable probability that such inmate will live and remain at liberty without violating the law, and (2) such release is not incompatible with the welfare of society." General Statutes § 54-125a (b) (1) provides in relevant part that a person convicted of offenses not therein specified, "where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against another person shall be ineligible for parole under subsection (a) of this section until such person has served not less than eighty-five per cent of the definite sentence imposed." Read together, subsections (a) and (b) clearly vest a liberty interest in parole eligible status to all persons described in subsection (a), subject to the exclusion for the enumerated

offenses and the 85 percent limitation embodied in sub-
section (b). In light of the previous discussion, we con-
clude that the court had jurisdiction to review the
petitioner's parole eligibility status.[11]

The judgment is reversed and the case is remanded
for further proceedings in accordance with law.

In this opinion the other judges concurred.

___

[11] Our conclusion that habeas jurisdiction exists when an alleged violation
of a liberty interest in parole eligible status occurs is also consistent with
federal jurisprudence. In exploring the limits of jurisdiction relative to the
writ of habeas corpus, our Supreme Court in *Johnson* relied on federal
jurisprudence. See *Johnson* v. *Commissioner of Correction,* supra, 258
Conn. 813–14. In *Chatman-Bey* v. *Thornburgh,* supra, 864 F.2d 808, the
United States Court of Appeals for the District of Columbia Circuit, sitting
en banc, found that a claim of improper denial of parole eligible status
properly invoked habeas corpus jurisdiction. In *Chatman-Bey,* the petitioner
claimed that federal authorities improperly calculated his parole eligibility
date. Here, the petitioner's claim is strikingly similar to the petitioner's claim
in *Chatman-Bey.*