ANTHONY JONES *v.* COMMISSIONER
OF CORRECTION
(AC 30551)

Robinson, Bear and Mihalakos, Js.

Argued June 4—officially released August 17, 2010

David B. Rozwaski, special public defender, for the appellant (petitioner).

Bruce R. Lockwood, senior assistant state's attorney, with whom, on the brief, were Michael Dearington, state's attorney, and Linda N. Howe, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ROBINSON, J. The petitioner, Anthony Jones, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion by denying his petition for certification to appeal and (2) improperly denied his petition for a writ of habeas corpus, which alleged that his trial counsel rendered ineffective assistance by failing to seek a judgment of acquittal on the ground that there was insufficient evidence to establish that the petitioner lacked a valid pistol permit. We dismiss the appeal.

The following facts underlie the allegations of the petition for a writ of habeas corpus. In the early morning hours of March 27, 2000, the petitioner was arrested following a motor vehicle pursuit by New Haven police officers. State v. Jones, 96 Conn. App. 634, 636–38, 902 A.2d 17, cert. denied, 280 Conn. 919, 908 A.2d 544 (2006). "At the time the [petitioner] was apprehended, the officers found two Ruger .357 magnum pistols in the vehicle he had been driving, one located on the floor behind the driver's seat, and the other on the floor behind the front passenger's seat." Id., 638. Following his arrest, the petitioner was charged with two counts of attempt

to assault a peace officer in violation of General Statutes §§ 53a-167c (a) (1) and 53a-49 (a), and one count of possession of a weapon in a motor vehicle in violation of General Statutes § 29-38.[1] Id. A jury found the petitioner guilty of one count of attempt to assault a peace officer and possession of a weapon in a motor vehicle. Id. The petitioner received a sentence of fourteen years incarceration. Id. His conviction was upheld on direct appeal. Id., 645.

In his direct appeal, the petitioner claimed that the trial court had abused its discretion by permitting the state to open its case, after the petitioner had rested, "to offer additional evidence regarding the charge of possession of a weapon in a motor vehicle." Id., 641. This court rejected the petitioner's claim. Id.

"As part of the state's case-in-chief, [Officer Edwin] DeJesus testified that he had determined that neither the [petitioner] nor his passenger had a pistol permit. On October 15, 2002, the state rested its case, after which the [petitioner] moved for a judgment of acquittal on all counts. As to the possession of a weapon in a

---

[1] General Statutes § 29-38 (a) provides in relevant part: "Any person who knowingly has, in any vehicle owned, operated or occupied by such person, any weapon, any pistol or revolver for which a proper permit has not been issued as provided in section 29-28 . . . shall be fined . . . or imprisoned . . . ."

General Statutes § 29-28 (b) provides in relevant part: "Upon the application of any person having a bona fide residence or place of business within the jurisdiction of any such authority, such chief of police, warden or selectman may issue a temporary state permit to such person to carry a pistol or revolver within the state . . . . Upon issuance of a temporary state permit to the applicant, the local authority shall forward the original application to the commissioner. . . . Said commissioner may . . . issue, to any holder of any temporary state permit, a state permit to carry a pistol or revolver within the state. . . ." Although § 29-28 was amended in 2001, 2005 and 2007; see Public Acts 2001, No. 01–130, § 4; Public Acts 2005, No. 05–283, § 4; and Public Acts 2007, No. 07–163, § 2; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

motor vehicle count, he claimed that the state had failed to prove that he knew that a weapon was in the car. He did not, however, challenge the adequacy of the state's evidence regarding whether he had a permit for the weapon. The court denied the motion for acquittal.

"After the defense rested its case, the state moved to open the evidence to present two witnesses to testify that the [petitioner] did not have a pistol permit from the city of New Haven or the state of Connecticut. The prosecutor stated that he had planned to call the witnesses in his initial presentation of evidence but had inadvertently failed to do so. The [petitioner] objected to the motion to open, arguing that he would be prejudiced if the state were permitted to establish an essential element of the offense once the state had rested its case-in-chief. During argument on this point, defense counsel acknowledged that one officer had testified that there were no pistol permits relating to the [petitioner] and that, for this reason, he had not included the absence of evidence of permits as a basis for his motion for a judgment of acquittal. Nevertheless, defense counsel argued that the proposed testimony would bolster the testimony that had already been adduced, prejudicially highlighting it to the jury." Id., 641–42.

The trial court granted the motion to open and permitted the state to present the testimony of two more witnesses. Id., 642. The court did so after reviewing the evidence in the state's case-in-chief[2] and reviewing the

---

[2] At the petitioner's criminal trial, the prosecutor questioned DeJesus in part as follows:

"[The Prosecutor]: . . . Did you conduct a check as to whether or not the [petitioner] or his passenger had a pistol permit?

"[The Witness]: Yes.

"[The Prosecutor]: And what was the result of that check?

"[The Witness]: He had no permit for a pistol.

"[The Prosecutor]: Due to the fact that they had no pistol permits, did you place both individuals under arrest?

"[The Witness]: Correct."

law. Id., 642 n.5. The court stated: "And I should make it perfectly clear that this was not an evidentiary gap, that was raised by the defense or pointed out by the defense and, after having looked at *State* v. *Allen*, 205 Conn. 370, 533 A.2d 559 (1987) [permitting state to open case-in-chief after defendant identified shortcomings in evidence fundamentally unfair and abuse of discretion], and *State* v. *Nelson*, 17 Conn. App. 556, 555 A.2d 426 (1989) [state required to prove defendant did not have proper permit from state or town], the court is going to exercise its discretion and allow the state to put on those witnesses." (Internal quotation marks omitted.) *State* v. *Jones*, supra, 96 Conn. App. 643 n.5.

"The decision to open a criminal case to add further testimony lies within the sound discretion of the court, which should be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." (Internal quotation marks omitted.) Id., 643. This court concluded, on the basis of the record, that "the state presented testimony in its case-in-chief that the [petitioner] had no permits. The evidence proffered on the opening of the state's case was cumulative, although more specific. In permitting the state to open the evidence for this limited purpose, the court properly exercised its discretion." Id.

In his direct appeal, the petitioner also claimed that his "trial counsel's failure to move for a judgment of acquittal on the charge of possession of a weapon in a motor vehicle on the basis that there was insufficient evidence to establish that the [petitioner] lacked a permit constituted [the] ineffective assistance of counsel." Id., 644. This court declined to review the claim, noting that such claims generally are brought in a petition for a writ of habeas corpus and that the record was inadequate. Id., 645. This court noted, however, that "the record reveals only that defense counsel opted

not to challenge the adequacy of the state's evidence regarding the lack of a permit because there was testimony from DeJesus stating that he had conducted a check that revealed that the [petitioner] did not have a permit." Id.

In his petition for a writ of habeas corpus, the petitioner alleged that he was denied the effective assistance of counsel. "In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court adopted a two part analysis for claims of ineffective assistance of counsel. Under *Strickland*, the petitioner must show that: (1) defense counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for defense counsel's deficient representation, the result of the proceeding would have been different." (Internal quotation marks omitted.) *DuPerry* v. *Kirk*, 90 Conn. App. 493, 503, 877 A.2d 928 (2005), cert. denied, 277 Conn. 921, 895 A.2d 795 (2006).

At the habeas trial, the petitioner presented expert testimony from attorney Jeffrey Beck. Beck opined that the state had presented insufficient proof of the lack of a permit for the pistol during its case-in-chief and that defense counsel should have moved for a judgment of acquittal due to insufficient evidence—not as to whether the petitioner knew of the presence of the pistol but, rather, as to whether the petitioner had either a local or a state permit.

Defense counsel testified at the habeas trial that DeJesus had testified that he had done a permit check with respect to the petitioner and found that the petitioner had no pistol permit. See footnote 2 of this opinion. In moving for a judgment of acquittal, defense counsel's strategy was to show that the pistols in the motor vehicle belonged to a third party and that the petitioner's codefendant was to testify that the weapons

belonged to a person known as "Ron." Defense counsel did not challenge the lack of a permit element of § 29-38 because he believed the state had satisfied proof of that element with DeJesus' testimony. Defense counsel objected to the state's motion to open the evidence on the basis that additional evidence would be cumulative and would highlight for the jury the lack of a permit for the pistol.

The habeas court noted that to convict the petitioner of possession of a weapon in a motor vehicle, the state had to produce evidence that he did not have a permit for the weapon. At trial, the prosecutor asked DeJesus whether he had investigated whether the petitioner had a permit for the weapon. DeJesus had conducted such an investigation and found no permits in the petitioner's name. The habeas court recognized that although DeJesus' testimony was vague; see footnote 2 of this opinion; it was sufficient evidence on the question of a permit to allow the issue to go to the jury. At the time the trial court was ruling on the petitioner's motion for a judgment of acquittal, the issue was whether "the state had failed to prove that he knew that a weapon was in the car;" *State* v. *Jones*, supra, 96 Conn. App. 642; not whether DeJesus' testimony proved beyond a reasonable doubt that the petitioner did not have a permit. The habeas court cited this court's opinion in the petitioner's direct appeal that the evidence presented after the trial court had granted the state's motion to open was cumulative. The habeas court concluded that the petitioner, therefore, was not prejudiced by his trial counsel's failure to argue that the state had presented insufficient evidence as to the element of a permit when seeking a judgment of acquittal.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by

our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Boyd* v. *Commissioner of Correction*, 96 Conn. App. 26, 30, 898 A.2d 838, cert. denied, 280 Conn. 921, 908 A.2d 543 (2006).

On the basis of our review of the record and this court's decision in *State* v. *Jones*, supra, 96 Conn. App. 634, we conclude that the habeas court did not abuse its discretion in denying the petitioner certification to appeal. In the petitioner's direct appeal, this court determined that the trial court did not abuse its discretion when it granted the state's motion to open its case, as the record demonstrated that the state had presented sufficient evidence that the petitioner did not have a pistol permit to present the issue to the jury. The habeas court was bound by that factual conclusion arrived at in the petitioner's direct appeal. See id., 643; see also *DuPerry* v. *Kirk*, supra, 90 Conn. App. 507 (second habeas court relied on factual finding of prior habeas

court, which petitioner did not challenge). The question of whether the petitioner's trial counsel rendered ineffective assistance by failing to argue in his motion for a judgment of acquittal that the state had failed to present sufficient evidence on the element of the permit, therefore, is not an issue debatable among jurists of reason, that a court could resolve the issue in a different manner or that the questions are adequate to deserve encouragement to proceed further.

Moreover, the habeas court noted the testimony of defense counsel that he predicated the motion for a judgment of acquittal on the knowledge element of § 29-38 and was prepared to present evidence on that issue. Defense counsel was mindful of DeJesus' testimony regarding permits. The habeas court also found that Beck testified that sometimes defense counsel does not advance claims attacking the absence of proof on every element of a crime and that it is a matter of trial tactics within the decision-making authority of defense counsel.

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action

might be considered sound trial strategy." (Internal quotation marks omitted.) *Bryant* v. *Commissioner of Correction*, 290 Conn. 502, 512–13, 964 A.2d 1186, cert. denied sub nom. *Murphy* v. *Bryant*, 558 U.S. 938, 130 S. Ct. 259, 175 L. Ed. 2d 242 (2009). On the basis of our review of the record, we cannot conclude that the habeas court abused its discretion in denying certification to appeal on the basis of defense counsel's trial strategy, particularly in view of Beck's testimony.

The appeal is dismissed.

In this opinion the other judges concurred.